UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 16-60494-CIV-SEITZ/TURNOFF

SERGEY VOROBEV,

        Plaintiff,

v.

TRR CARGO LLC, ET AL.,

        Defendants.

_____/

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

THIS MATTER is before the Court on the Defendants' Motion for Final Summary Judgment [DE-41]. Plaintiff has not filed a response to the Motion for Final Summary Judgment, despite a Court order warning Plaintiff of the potential consequences of his failure to respond and giving Plaintiff additional time to respond. Plaintiff's six count complaint alleges claims for national origin and religious discrimination in violation of Title VII, the Florida Civil Rights Act (FCRA), and § 1981. The complaint also makes a claim for negligent supervision, training, and retention as well as a claim for unpaid wages. Defendants seek summary judgment on all counts. Because Plaintiff has not responded and, as a result, has failed to show that there are any genuine issues of material fact, the motion is granted.[1] The motion is granted as to the Title VII, FCRA, and wage claims because Plaintiff was not an employee of Defendants and is granted as to the remaining claims because Plaintiff cannot establish his case.

---

[1] While the record supports granting summary judgment, it is worth noting that Plaintiff apparently has decided not to pursue his case. Even if summary judgment were not appropriate, dismissal for lack of prosecution would likely have resulted. Plaintiff did not respond to one of the sanctions motions, did not appear at the hearing on the sanctions motion, and, as already mentioned, did not respond to the motion for summary judgment. Thus, it appears that Plaintiff is no longer interested in pursuing this case.

## I. Procedural and Factual Background

### A. Factual Background[2]

Defendant TRR Cargo, LLC (TRR) leases tractor-trailers and transports goods and produce. TRR has always had less than 15 employees. All of TRR's drivers are hired as independent contractors. As a driver for TRR, a person can pick and choose when to accept deliveries. That means a driver can also refuse to accept a load. Dispatchers at TRR provide drivers with delivery choices that the driver can choose to accept or reject. The contract between TRR and Plaintiff explicitly states that Plaintiff is an independent contractor.

Plaintiff is Russian and Christian, which was known by the people at TRR even before he started to drive for TRR. Defendant Sardobek Isametdinov is Uzbek and Muslim. Isametdinov is a managing director of TRR. At one point, Plaintiff and Isametdinov were social friends. However, at some point, there was a falling out between the two.

Plaintiff signed his contract wuith TRR on April 27, 2015 but did not actually begin driving for TRR until after May 4, 2015. According to Plaintiff's Driver Record History, on May 1, 2015, Plaintiff received a driver violation for "Following Too Closely" with a disposition of "Guilty." Plaintiff did not disclose this violation to TRR. On May 15, 2015, Plaintiff was cited in Pennsylvania for two violations: (1) "False log book for 5/18/15, TWO SEPARATE LOG BOOK PAGES FOR SAME DAY, BOTH DIFFERENT ENTRIES" and (2) "Driver failing to retain previous 7 days records of duty status, NO LOG BOOK ENTRY FOR 5/17/15." As a result, Plaintiff was prohibited from driving for a period of 10 consecutive hours. Plaintiff was

---

[2]Because Plaintiff has not responded to the motion for summary judgment, under Local Rule 56.1, all of Defendants' supported facts are deemed admitted.

the first TRR driver to ever receive two violations at the same time.

On May 15, 2015, Plaintiff picked up a load of watermelons which were to be delivered by May 18, 2015. However, due to the 10 hour suspension incurred on May 15, 2015, Plaintiff delivered the watermelons late and badly damaged. As a result, the purchaser refused the load and TRR incurred a re-stocking fee and other losses. On May 21, 2015, TRR offered Plaintiff a load to transport "waste bales," which Plaintiff was free to refuse.

Plaintiff's complaint alleges that on May 20, 2015, Isametdinov informed Plaintiff that from that point forward he would only be transporting trash because he was a Christian, not a Muslim. According to the complaint, Isametdinov repeatedly told Plaintiff that Christians have to work for Muslims like slaves and that Muslims are permitted to cheat Christians and Jews.

On May 25, 2015, TRR terminated Plaintiff because of (1) the damaged load on May 18, 2015; (2) the DOT inspection with two out-of-services on May 18, 2015; and (3) the concealed violation at the beginning of May 2015. Prior to termination, Plaintiff did not ever complain to anyone at TRR about any type of discrimination.

On November 9, 2015, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission claiming religious and national origin discrimination and retaliation. On December 31, 2015, the EEOC issued its Dismissal and Notice of Rights. In it, the EEOC states that it is closing its file on Plaintiff's claim because Plaintiff and TRR did not have an employer/employee relationship.

*B. Procedural Background*

Plaintiff filed his six count complaint on March 11, 2016. Count I alleges a violation of Title VII for discrimination and harassment based on Plaintiff's religion. Count II alleges a

violation Title VII for discrimination and harassment based on Plaintiff's national origin.  Count III alleges race and national origin discrimination in violation of the FCRA.  Count IV alleges a claim for negligent supervision, training, and retention.  Count V is brought under 42 U.S.C. § 1981.  Count VI seeks unpaid wages pursuant to Florida common law and Florida Statutes, section 448.08.

On July 20, 2016, the parties partook in mediation.  The case did not settle.  The parties continued with discovery.  On September 26, 2016, the Defendants filed two motions for sanctions: one sought sanctions for alleged spoliation of evidence and witness tampering and the other sought sanctions for disclosing mediation offers and discussions to a third party.  On the same day, Plaintiff's counsel sought to withdraw from the case.  The Court permitted counsel to withdraw after they had served Plaintiff with the order permitting withdrawal and explained the implications to Plaintiff.  In the order permitting withdrawal, the Court also required Plaintiff to either retain new counsel or notify the Court by October 21, 2016 that he intended to proceed pro se.  Plaintiff did neither.  Therefore, pursuant to the order, the Court assumed that Plaintiff intended to proceed pro se.  Finally, the order extended the deadline for filing dispositive motions and Daubert motions until October 31, 2016.

On October 31, 2016, Defendants filed their Motion for Final Summary Judgment.  Plaintiff did not file a timely response.  Therefore, in an abundance of caution, the Court issued an order giving Plaintiff until December 2, 2016 to file a response and warning Plaintiff that under the Local Rules, if Plaintiff fails to controvert the facts set out in Defendants' motion, the supported facts will be deemed admitted.  Plaintiff did not file a response.

On November 30, 2016, the Magistrate Judge held a hearing on Defendants' two

4

sanctions motions. Plaintiff failed to appear at the hearing. Consequently, on December 7, 2016, the Magistrate Judge issued a Report and Recommendation recommending that both sanctions motions be granted by default.

## II. Summary Judgment Standard

Summary judgment is appropriate when "the pleadings . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *HCA Health Servs. of Ga., Inc. v. Employers Health Ins. Co.*, 240 F.3d 982, 991 (11th Cir. 2001). Once the moving party demonstrates the absence of a genuine issue of material fact, the non-moving party must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (*quoting* Fed. R. Civ. P. 56(e)). The Court must view the record and all factual inferences therefrom in the light most favorable to the non-moving party and decide whether "'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) (*quoting Anderson*, 477 U.S. at 251-52)).

In opposing a motion for summary judgment, the non-moving party may not rely solely on the pleadings, but must show by affidavits, depositions, answers to interrogatories, and admissions that specific facts exist demonstrating a genuine issue for trial. *See* Fed. R. Civ. P. 56(c), (e); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). A mere "scintilla" of evidence supporting the opposing party's position will not suffice; instead, there must be a sufficient showing that the jury could reasonably find for that party. *Anderson*, 477 U.S. at 252;

*see also Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990).

**III. Discussion**

**A.  *TRR Was Not Plaintiff's Employer As That Term is Defined Under the Applicable Statutes***

TRR seeks to dismiss Plaintiff's Title VII, FCRA and unpaid wage claims because TRR

was not Plaintiff's employer.

Title VII defines "employer" as:

> a person engaged in an industry affecting commerce who has fifteen or more employees
> for each working day in each of twenty or more calendar weeks in the current or
> preceding calendar year, and any agent of such a person, but such term does not include
> (1) the United States, a corporation wholly owned by the Government of the United
> States, an Indian tribe, or any department or agency of the District of Columbia subject by
> statute to procedures of the competitive service (as defined in section 2102 of Title 5), or
> (2) a bona fide private membership club (other than a labor organization) which is exempt
> from taxation under section 501(c) of Title 26, except that during the first year after
> March 24, 1972, persons having fewer than twenty-five employees (and their agents)
> shall not be considered employers.

42 U.S.C. § 2000e(b).  The undisputed facts establish that TRR never had 15 or more employees.

Consequently, Plaintiff's claims under Title VII, Counts I and II, are dismissed.

The FCRA similarly defines "employer" as "any person employing 15 or more employees

for each working day in each of 20 or more calendar weeks in the current or preceding calendar

year, and any agent of such a person." Fla. Stat., § 760.02(7).  Consequently, Plaintiff's claim

under the FCRA, Count III, must be dismissed.

Florida's labor statutes define "employee" as "a person who performs services for and

under the control and direction of an employer for wages or other remuneration. The term does

not include an independent contractor." Fla. Stat., § 448.101(3).  Based on this definition and its

explicit exclusion of independent contractors, Plaintiff has failed to establish that he was an

employee and covered by Florida's labor statutes.  Consequently, Count VI is dismissed.

**B. Plaintiff's § 1981 Claim Is Dismissed**

Count V of the complaint alleges a violation of 42 U.S.C. § 1981 based on Plaintiff's "Russian descent and ancestry."  Defendants seek to dismiss this claim on two bases: (1) § 1981 does not protect against national origin discrimination and (2) Plaintiff cannot establish that he suffered a discriminatory, hostile, and offensive work environment because of his Russian descent.  Defendants first argue that § 1981 does not protect against national origin discrimination.  While it is true that § 1981 does not protect against discrimination based solely on where a person was born, it does protect against discrimination based on a person's ancestry or ethnic characteristics.  *See St. Francis College v. Al-Khazraji*, 481 U.S. 604, 613 (1987).  Plaintiff's complaint alleges discrimination based on his ancestry, not his place of origin.  While the two happen to coincide in this case, Plaintiff's complaint clearly alleges discrimination based on his ancestry.  Thus, he can bring such a claim under § 1981.  Plaintiff, however, has not established his claim under § 1981.

To establish a hostile work environment claim under § 1981, an employee must show:

> (1) that he [or she] belongs to a protected group; (2) that he [or she] has been subject to unwelcome harassment; (3) that the harassment [was] based on a protected characteristic of the employee, such as national origin; (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) that the employer is responsible for such environment under either a theory of vicarious or of direct liability.

*Bryant v. Jones*, 575 F.3d 1281, 1296 (11th Cir. 2009) (quoting *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002).  After a plaintiff establishes a prima facie case, the burden shifts to the employer "to articulate some legitimate, nondiscriminatory reason" for the

employer's actions. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-03 (1973).[3]  If the

employer offers such a reason, the burden shifts back to the plaintiff to show that the employer's

reason was pretext for prohibited discrimination. *Id.* at 804.  To avoid summary judgment in

such cases, a plaintiff must introduce significantly probative evidence that the proffered reason

for the employment action is both false and that discrimination is the real reason for the action.

*Brooks v. County Commission of Jefferson County, Alabama*, 446 F.3d 1160, 1163 (11th Cir.

2006).  To do this, a plaintiff must "demonstrate[] such weaknesses, implausibilities,

inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons

for its action that a reasonable factfinder could find them unworthy of credence." *Jackson v.

State of Alabama State Tenure Commission*, 405 F.3d 1276, 1289 (11th Cir. 2005).

Even if Plaintiff had established his prima facie case, Defendants have offered a

legitimate non-discriminatory reason for Plaintiff's termination: (1) Plaintiff caused thousands of

dollars of loss by damaging one of his loads; (2) Plaintiff incurred two DOT violations on the

same day; and (3) Plaintiff failed to disclose a guilty finding in an incident prior to starting to

drive for TRR.  Together, these reasons are sufficient to establish a legitimate non-discriminatory

reason for Defendants' actions.  Further, because Plaintiff has failed to respond to the motion for

summary judgment, he has not shown that Defendants' proffered reasons are false and that

discrimination was the real reason for Defendants' actions.  Consequently, Plaintiff's § 1981

claim is dismissed.

---

[3]"[D]iscrimination claims, including hostile work environment claims, brought under the
Equal Protection Clause, 42 U.S.C. § 1981, or Title VII of the Civil Rights Act of 1964, 42
U.S.C. § 2000e–2, are subject to the same standards of proof and employ the same analytical
framework." *Bryant*, 575 F.3d at 1296 n.20.

### C. Plaintiff's Negligent Supervision, Training & Retention Claim Is Dismissed

Finally, Defendants move for summary judgment on Plaintiff's negligent supervision, training, and retention claim which is based on Defendants' alleged negligent supervision, training, and retention of Defendant Isametdinov.  Defendants move for summary judgment based on Plaintiff's failure to set forth any material facts that Defendants acted negligently and Plaintiff's failure to establish proximate cause.

An essential element of a claim for negligent retention is that the employer knew or should have known that the employee was a threat to others.  *Magill v. Bartlett Towing, Inc.*, 35 So. 3d 1017, 1020 (Fla. 5th DCA 2010).  Plaintiff's complaint simply makes the unsupported allegation that Defendants "knew or should have known of Sardorbek Isametdinov's discriminatory and harassing conduct."  Plaintiff, however, has not presented any evidence showing how or why Defendants should have known of this conduct.  Thus, Plaintiff has not established his prima facie case for negligent retention and this claim should be dismissed.

Defendants also maintain that Plaintiff has not established proximate cause between any alleged negligence and Plaintiff's injury.  Plaintiff has not set forth any injury he suffered other than termination.  While Plaintiff seeks damages for emotional distress, embarrassment, and humiliation, there are no allegations that he suffered such injuries.  Plaintiff has not presented any evidence establishing that Defendants' negligent supervision, training, and retention caused his termination.  In fact, the only evidence in the record is that Plaintiff's termination was caused by Plaintiff's driving violations and failure to deliver undamaged goods.  Consequently, Plaintiff has failed to establish the necessary proximate cause to maintain his negligence claim and, therefore, it is dismissed.

Accordingly, it is

ORDERED THAT:

1. Defendants' Motion for Final Summary Judgment [DE-41] is GRANTED.[4]

2. Plaintiff's complaint is DISMISSED on the merits.

3. The Court will enter a separate judgment.

4. All pending motions not otherwise ruled upon are DENIED as moot.

5. This case is CLOSED.

DONE and ORDERED in Miami, Florida this _21st_ day of December, 2016.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record/Pro se party

---

[4]In the conclusion of their motion, Defendants seek their fees pursuant to Florida Statute, section 448.08 and Rule 11. The Court declines to award fees under either. First, Defendants have not complied with the requirements of Rule 11 and there is no evidence that Plaintiff violated Rule 11. Second, Florida Statute, section 448.08 is discretionary and the Court declines to exercise its discretion to award fees under the circumstances of this case.